STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION
CASE NO. 1:22-cv-1194

DANIEL L. BOYER
PLAINTIFF

v.

OUTDOOR PRODUCT INNOVATIONS, INC.;
BDH, LLC, d/b/a BIG DOG HUNTING, LLC
DEFENDANTS

### NOTICE OF REMOVAL
(*Electronically Filed*)

Comes now Defendant, Outdoor Product Innovations, Inc. dba Rhino Tree Stands, LLC ("OPI"), by counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and other applicable law, hereby give notice of the removal of this action from the Circuit Court of the Ninth Judicial Circuit Fulton County, Illinois, Case No. 2022-LA-4, to the United States District Court, Central District of Illinois, Peoria Division. In support of this Notice of Removal, OPI states as follows:

### IDENTIFICATION AND CITIZENSHIP OF PARTIES

1. Plaintiff, Daniel L. Boyer ("Boyer"), is and was at all times relevant hereto a citizen and domiciliary of the state of Illinois. *See* **Exhibit A**, Complaint, ¶ 1.

2. Defendant, OPI, is and was at all times relevant hereto an Ohio corporation with its principal place of business in Elyria, Ohio. Consequently, OPI is a citizen of the State of Ohio for diversity jurisdiction purposes. *See* **Exhibit B**, Articles of Incorporation for OPI.

3. Defendant BDH, LLC, is a Wisconsin limited liability company, and its two members reside in Wisconsin. Consequently, BDH, LLC, is a citizen of Wisconsin for diversity jurisdiction purposes. *See* **Exhibit C**, Articles of Organization for BDH, LLC.

## PROCEDURAL HISTORY AND ALLEGATIONS

4.  On or about, February 23, 2022, Boyer, by counsel, commenced a civil action in the Circuit Court of the Ninth Judicial Circuit Fulton County, Illinois styled *Boyer v. Big Dog*, Case No. 2022-LA-4 ("Complaint").

5.  OPI's registered agent was served on or about April 12, 2022, with the summons and Complaint for this action.

6.  BDH's registered agent was served on or about March 21, 2022.

7.  The Complaint seeks damages for Boyer's alleged damages resulting from a fall during certain hunting activities and Boyer's use of a certain product used to climb a tree to a tree stand. The Complaint alleges only that the damages at issue exceed $50,000. (*See* Ex. A.)

## GROUNDS FOR REMOVAL

8.  Boyer's Complaint generically states Boyer "fell to the ground causing injury to his body." **Exhibit A** ¶ 12. The Complaint describes "severe and permanent injuries to his person" and "great pain and anguish both in mind and body" and that Boyer suffered a loss of "the value of that time . . . and . . . large sums of money for medical bills . . . [and] past and future wages and loss of earning capacity . . .", damages that exceed $50,000. *Id.* at ¶¶ 17, 22, 30, second 17 [sic], second 22 [sic], and second 30 [sic].

9.  In the Seventh Circuit, the 30–day removal clock is triggered by a defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable. The pleading or other paper must specifically disclose the damages demand. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823-24 (7th Cir. 2013) (*citing Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162–63 (4th Cir.1997) (grounds for removal must be "apparent within the four corners of the initial pleading or subsequent paper")).

10. Here, the Complaint does not inform the Defendants that the $75,000 jurisdictional threshold is satisfied, and, therefore, the 30-day removal clock was not triggered upon Defendants' receipt of the Complaint.

11. Although Boyer has not admitted or otherwise stated that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, the moment a case becomes removable and the moment the 30–day removal clock begins to run "are not two sides of the same coin." *Walker*, 727 F.3d at 824. While the timeliness inquiry focuses solely on the state court pleadings, whether jurisdictional prerequisites are in fact met is a separate determination and often involves considerations of materials outside the state-court pleadings. *Id.*

12. On May 13, 2022, counsel for OPI spoke with Boyer's counsel regarding the extent of Boyer's injuries and damages. (Decl. of Bruce Paul, attached as **Exhibit D**, ¶ 3.) During that call, Boyer's counsel stated that Boyer injured his knee in the fall described the Complaint, which required knee surgery for allegedly damaged ligaments. (*Id.* ¶ 4.) Boyer's counsel advised that the medical bills alone were approximately $50,000 to $60,000. (*Id.* ¶ 5.) Further, Boyer owns his own business and incurred lost wages due to his purported injuries. (*Id.* ¶ 6.)

13. Based upon the facts alleged above, there is complete diversity of citizenship between the plaintiff and defendants because Boyer is a citizen of Illinois, OPI is a citizen of the state of Ohio, and BDH, LLC, is a citizen of Wisconsin. Therefore, the diversity of citizenship requirement set forth in 28 U.S.C. § 1332(a)(1) is satisfied. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants ….").

14. Boyer's counsel has now advised the undersigned counsel, on May 13, 2022, that he believed the amount of medical bills associated with Boyer's knee surgery were $50,000-

$60,000, and there was an unknown amount of lost wages from the Boyer's business that would be pursued in this case. Furthermore, Boyer seeks pain and suffering in an unknown amount

15. Accordingly OPI has reasonably determined, in good faith, that the jurisdictional amount-in-controversy threshold is met and "adequately supported by the evidence"—namely communications by Boyer's counsel. *See Petrakis v. Compu-Link Corp.*, Case No. 21-cv-3910, 2021 WL 4745250 at *1 (N.D. Ill. Oct. 12, 2021).

16. As articulated by the Seventh Circuit in *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, "[t]he purpose of the 30-day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was fairing in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings . . . may have taken place in the first court." 668 F.2d 962, 965 (7th Cir. 1982).

17. Boyer's counsel put OPI's counsel on notice that injuries sustained likely exceed that jurisdictional threshold. As it is clearly reasonable and plausible that the jurisdictional threshold is satisfied, OPI must remove within 30 days of the May 13, 2022, communication.

18. Removal at this stage, within days after OPI filed its Answer to the Complaint and before the state court action begins in earnest, is consistent with the dual purposes of the 30-day limitation, as articulated in *Wilson*.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

19. OPI's co-defendant, BDH, LLC, consents to the removal of this action.

20. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Central District of Illinois, Peoria Division, and, as noted

above, this cause of action is removable to the United States District Court for the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. § 1441.

21. Pursuant to 28 U.S.C. § 1446(a), copies of all papers, including all process, pleadings, and orders served on OPI in the State Court action are attached hereto as **Exhibit A**.

22. Notice to the Circuit Court of the Ninth Judicial Circuit Fulton County of Illinois of the removal of this action, including a true and correct copy of this Notice, is filed simultaneously with the Clerk of the Circuit Court of Fulton County of Illinois, as required by 28 U.S.C. § 1446(d) and is attached hereto as **Exhibit E**.

### NON-WAIVER OF DEFENSES

23. By removing this action from the Illinois state court, OPI does not waive any defenses available to it.

24. By removing this action from the Illinois state court, OPI does not admit any of the allegations set forth in the Complaint that it did not otherwise admit in the Complaint.

**WHEREFORE**, Defendant, Outdoor Product Innovations, Inc. removes this action from the Circuit Court of the Ninth Judicial Circuit in Fulton County, Illinois, to the United State District Court for the Central District of Illinois, Peoria Division.

Respectfully submitted,

/s/ Claire M. Vujanovic
Claire M. Vujanovic, IL Bar No. 6271995
Bruce B. Paul, KY Bar No. 91244
**McBRAYER PLLC**
500 W. Jefferson Street, Suite 2400
Louisville, Kentucky 40202
Phone: (502) 327-5400
Facsimile: (502) 327-5444
bpaul@mcbrayerfirm.com
cvujanovic@mcbrayerfirm.com
*Counsel for Defendant*
*Outdoor Product Innovations, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Notice of Removal was filed through the Court's PACER Document Filing System on June 8, 2022. Service will be made upon all counsel via email at the addresses listed below.

Edward J. Prill
Andrew L. Mahoney
CROWLEY & PRILL
3012 Division St.
Burlington, IA 52601
PH: (319) 753-1330
eprill@cbp-lawyers.com
amahoney@cbp-lawyers.com

and

Rabeka Link
rlink@cbp-lawyers.com


Jo T. Wetherill
Matthew Warner
QUINN JOHNSTON HENDERSON PRETORIUS CERULO
227 N.E. Jefferson Avenue
Peoria, IL 61602
PH: (309) 674-1133
jwetherill@quinnjohnston.com
mwarner@quinnjohnston.com


Dated: June 8, 2022              /s/ Claire M. Vujanovic
                                 Claire M. Vujanovic