E-FILED
Wednesday, 08 June, 2022  04:39:25 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

# ACORD® GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM

| | DATE (MM/DD/YYYY) |
|---|---|
| | 04/13/2022 |

| AGENCY | INSURED LOCATION CODE | DATE OF LOSS AND TIME | | AM |
|---|---|---|---|---|
| RYAN-ST MARIE INS AGENCY INC<br>105 Cleveland St<br><br>Elyria, OH 440356285 | | 09/20/2020 | | PM |

| | CARRIER | | NAIC CODE |
|---|---|---|---|
| | Lloyd's | | A0403 |

| | POLICY NUMBER |
|---|---|
| | B0180PN120004518 |

| CONTACT NAME: | |
|---|---|
| PHONE (A/C, No. Ext): (440) 322-3200 | |
| FAX (A/C, No): | |
| E-MAIL ADDRESS: | |

| CODE: | SUBCODE: | |
|---|---|---|

AGENCY CUSTOMER ID:

## INSURED

| NAME OF INSURED (First, Middle, Last) | INSURED'S MAILING ADDRESS |
|---|---|
| Outdoor Product Innovations dba Rhino Tree Stands LLC | P.O. Box 1077<br>Elyria, OH 44035 |

| DATE OF BIRTH | FEIN (if applicable) |
|---|---|
| | |

PRIMARY PHONE # [ ] HOME [ ] BUS [ ] CELL   SECONDARY PHONE # [ ] HOME [ ] BUS [ ] CELL
(440) 365-4567

PRIMARY E-MAIL ADDRESS:

SECONDARY E-MAIL ADDRESS:

## CONTACT   [✓] CONTACT INSURED

| NAME OF CONTACT (First, Middle, Last) | CONTACT'S MAILING ADDRESS |
|---|---|
| Dan Reaser | |

PRIMARY PHONE # [ ] HOME [✓] BUS [ ] CELL   SECONDARY PHONE # [ ] HOME [ ] BUS [ ] CELL
440-365-4567

WHEN TO CONTACT

PRIMARY E-MAIL ADDRESS:

SECONDARY E-MAIL ADDRESS:

## OCCURRENCE

| LOCATION OF OCCURRENCE | POLICE OR FIRE DEPARTMENT CONTACTED |
|---|---|
| STREET: | |
| CITY, STATE, ZIP: | REPORT NUMBER |
| COUNTRY: | |

DESCRIBE LOCATION OF OCCURRENCE IF NOT AT SPECIFIC STREET ADDRESS:

DESCRIPTION OF OCCURRENCE (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

Law Suit Attached

## TYPE OF LIABILITY

| PREMISES: INSURED IS | [ ] OWNER | [ ] TENANT | | | TYPE OF PREMISES |
|---|---|---|---|---|---|
| OWNER'S NAME & ADDRESS (if not insured) | | | | | |

PRIMARY PHONE # [ ] HOME [ ] BUS [ ] CELL   SECONDARY PHONE # [ ] HOME [ ] BUS [ ] CELL

PRIMARY E-MAIL ADDRESS:

SECONDARY E-MAIL ADDRESS:

| PRODUCTS: INSURED IS | [ ] MANUFACTURER | [ ] VENDOR | | TYPE OF PRODUCT |
|---|---|---|---|---|
| MANUFACTURER'S NAME & ADDRESS (if not insured) | | | | |

PRIMARY PHONE # [ ] HOME [ ] BUS [ ] CELL   SECONDARY PHONE # [ ] HOME [ ] BUS [ ] CELL

PRIMARY E-MAIL ADDRESS:

SECONDARY E-MAIL ADDRESS:

WHERE CAN PRODUCT BE SEEN?

© 1986-2011 ACORD CORPORATION. All rights reserved.<br>The ACORD name and logo are registered marks of ACORD

## INJURED / PROPERTY DAMAGED

AGENCY CUSTOMER ID: _____

| NAME & ADDRESS (Injured/Owner)<br><br>See Attached Law Suit | EMPLOYER'S NAME & ADDRESS |
|---|---|

| PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL |
|---|---|---|---|---|---|---|---|

| PRIMARY E-MAIL ADDRESS: | PRIMARY E-MAIL ADDRESS: |
|---|---|
| SECONDARY E-MAIL ADDRESS: | SECONDARY E-MAIL ADDRESS: |

| AGE | SEX | OCCUPATION | DESCRIBE INJURY |
|---|---|---|---|

| WHERE TAKEN | WHAT WAS INJURED DOING? |
|---|---|

| DESCRIBE PROPERTY (Type, model, etc.) | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? |
|---|---|---|

## WITNESSES

| NAME AND ADDRESS | PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL |
|---|---|---|---|---|
| | PRIMARY E-MAIL ADDRESS: | | | |
| | SECONDARY E-MAIL ADDRESS: | | | |
| NAME AND ADDRESS | PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL |
| | PRIMARY E-MAIL ADDRESS: | | | |
| | SECONDARY E-MAIL ADDRESS: | | | |
| NAME AND ADDRESS | PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL |
| | PRIMARY E-MAIL ADDRESS: | | | |
| | SECONDARY E-MAIL ADDRESS: | | | |

## REMARKS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| REPORTED BY | REPORTED TO |
|---|---|

ACORD 3 (2011/07)



## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## FULTON COUNTY, ILLINOIS

Daniel Boyer

v.                                    No. 2022-LA-4

OUTDOOR PRODUCT INNOVATIONS, INC.;
BDH, LLC, d/b/a Big Dog Hunting, LLC

### SUMMONS

**To each defendant: OUTDOOR PRODUCT INNOVATIONS, INC**

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/get help.asp.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _2/23_____, 20 _22_____

_Charlene M. Markley_____
(Clerk of Court)

Attorney (or plaintiff if he is not represented by attorney)

Edward J. Prill_____

Address 3012 Division Street_____          (Seal of Court)

City Burlington, IA 52601_____

Telephone (319) 753-1330_____     Date of Service: _____, 20 _____

Facsimile Telephone (319) 752-3934_____          (To be inserted by officer on copy left with defendant or other person)

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required).

Summons/General 7/2018

# SHERIFF'S FEES

SERVICE AND/OR RETURN............................................ $ _____
MILEAGE.................................................................. $ _____
TOTAL.................................................................... $ _____

**I CERTIFY THAT I SERVED THIS SUMMONS ON DEFENDANT(S) AS FOLLOWS:**
**(CHECK APPROPRIATE BOX AND COMPLETE INFORMATION BELOW)**

(a)   (Individual defendants-personal):
       By leaving a copy and a copy of the complaint with each individual defendant personally.

(b)   (Individual defendants-abode):
       By leaving a copy and a copy of the complaint at the usual place of abode of each individual
       defendant with a person of his family, of the age of 13 years or upwards, informing that person
       of the contents and also by sending a copy of the Summons in a sealed envelope with postage
       fully prepaid, addressed to each individual defendant at his usual place of abode.

(c)   (Corporation defendants):
       By leaving a copy and copy of the complaint with the registered agent, office or agent of each
       defendant corporation.

(d)   (Other Service):

| | |
|---|---|
| Name of Defendant_____ | Name of Defendant_____ |
| Name of Person | Name of Person |
| Summons given to _____ | Summons given to _____ |
| | |
| Sex____Race_____Approx age_____ | Sex____Race_____Approx age_____ |
| | |
| Place of service | Place of service |
| _____ | _____ |
| | |
| Date of Service_____Time_____ | Date of Service_____Time_____ |
| Date of Mailing_____ | Date of Mailing_____ |
| | |
| By_____,Deputy | By_____, Deputy |

(e)   (Not found):
       The within named_____ not found in this County
       This_____ day of _____, 20___.
       Reason: _____
       _____

       By_____, Deputy Sheriff of _____County

Summons/General 7/2018

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
FULTON COUNTY, ILLINOIS

DANIEL L. BOYER,                    )    Case No. *2022-LA-4*
                                    )
    Plaintiff,                   )
                                    )    **FILED**
v.                                  )
                                    )    FEB 2 3 2022
OUTDOOR PRODUCT INNOVATIONS, INC.;  )
BDH, LLC, d/b/a BIG DOG HUNTING, LLC )    *Charlene M. Hartley*
                                    )    CLERK OF THE CIRCUIT COURT, 9th JUDICIAL CIRCUIT
    Defendants.                  )    FULTON COUNTY ILLINOIS

---

## AFFIDAVIT OF DAMAGES

    NOW COMES the affiant, EDWARD J. PRILL, of CROWLEY & PRILL, and hereby affirms and states the following beliefs under oath:

    1.  That the damages to the Plaintiff, DANIEL L. BOYER, exceed FIFTY THOUSAND DOLLARS ($50,000.00) as a result of the occurrence herein complained of.

    FURTHER, the affiant sayeth not.

Dated: 2-16-22

_____
EDWARD J. PRILL

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 16 DAY
OF Feb. , 2022.

*Roberta A. Gray*
NOTARY PUBLIC



CC- 233 V5

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## FULTON COUNTY, ILLINOIS

DANIEL L. BOYER,
**Plaintiff,**

Vs

OUTDOOR PRODUCT INNOVATIONS,
INC.; BDH, LLC, d/b/a BIG DOG
HUNTING, LLC
**Defendants.**

CASE NO. *2022-LA-4*

```
FILE STAMP
   FILED
 FEB 2 3 2022
 Charles M. Markley
CLERK OF THE CIRCUIT COURT, 9th JUDICIAL CIRCUIT
     FULTON COUNTY ILLINOIS
```

## JURY DEMAND

The ☒ Plaintiff / ☐ Defendant    DANIEL L. BOYER

in the above entitled case demands a jury for the trial of said cause.

☒ **Attorney Name**   Edward J Prill              ARDC No. 6271392

Firm Name    Crowley & Prill

Address    3012 Division Street

City/State/Zip    Burlington, IA 52601

Phone No.    (319) 753-1330          Facsimile Telephone No. (319) 752-3934

Email Address    eprill@cbp-lawyers.com

☐ **Pro Se Name (representing myself)**

Address

City/State/Zip

Phone No.                    Facsimile Telephone No.

Email Address

Dated:    2 / 16 / 22         Signature:

**YOU MUST SEND COPIES OF THIS AND ANY OTHER DOCUMENT FILED TO
OPPOSING PARTY/ATTORNEY OF RECORD**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
FULTON COUNTY, ILLINOIS

DANIEL L. BOYER,                              )   Case No. 2022-LA-4
                                             )
        Plaintiff,                           )
                                             )   **FILED**
v.                                           )
                                             )   FEB 23 2022
OUTDOOR PRODUCT INNOVATIONS, INC.;           )
BDH, LLC, d/b/a BIG DOG HUNTING, LLC         )   *Charles M. Markley*
                                             )   CLERK OF THE CIRCUIT COURT, 9th JUDICIAL CIRCUIT
        Defendants.                          )   FULTON COUNTY ILLINOIS

### COMPLAINT

NOW COMES the Plaintiff, DANIEL L. BOYER, by and through his attorneys, CROWLEY & PRILL, and in support of the General Allegations Common to all Counts, hereby states as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1.    On and before September 7, 2020, and at all times relevant and material herein, the Plaintiff, DANIEL L. BOYER, (hereinafter referred to as PLAINTIFF) was an adult citizen and resident of the state of Illinois.

2.    On and before September 7, 2020, and at all times relevant and material herein, the Defendant OUTDOOR PRODUCT INNOVATIONS, INC., (hereinafter referred to as "OPI"), was a foreign corporation incorporated in the state of Ohio with its principal place of business in Elyria, Ohio.

3.    On and before September 7, 2020, and at all times relevant and material herein, BDH, LLC d/b/a BIG DOG HUNTING LLC (hereinafter referred to as BDH) was a foreign corporation incorporated in the state of Wisconsin with its principal place of business in Menomonee Falls, Wisconsin.

1

4.      On and before September 7, 2020, and at all times relevant and material herein, OPI acquired, purchased, and/or obtained BDH.

5.      On and before September 7, 2020, and at all times relevant and material herein, the Defendant, OPI conducted business in and derived substantial profits in the state of Illinois, and its agent for service of process is CT Corporation System with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

6.      On and before September 7, 2020, and at all times relevant and material herein, BDH conducted business in and derived substantial profits in the state of Illinois.

7.      On and before September 7, 2020, and at all times relevant and material herein, OPI, by and through its employees, agents, and/or servants was engaged in the business of designing, manufacturing, marketing, selling, distributing products, including but not limited to, deer stand climbing sticks and other related products and selling said products to the public, including but not limited to the Plaintiff, which the Plaintiff was using Defendant's deer stand climbing sticks on September 7, 2020, to install his deer stand for the upcoming deer hunting season.

8.      On and before September 7, 2020, and at all times relevant and material herein, BDH, by and through its employees, agents, and/or servants, was engaged in the business of designing, manufacturing, marketing, selling, distributing products, including but not limited to, deer stand climbing sticks and other related products and selling said products to the public, including but not limited to the Plaintiff, which the Plaintiff was using Defendant's deer stand climbing sticks on September 7, 2020, to install his deer stand for the upcoming deer hunting season.

2

9.      On and before September 7, 2020, and at all times relevant and material herein, OPI, by and through its employees, agents, and/or servants, designed and manufactured components of the aforementioned deer stand climbing sticks, including but not limited to foot pegs that were to be welded or attached to the deer stand climbing sticks so that the user could place their feet onto the pegs, safely and properly climb up the deer stand climbing sticks and access the deer stand itself.

10.      On and before September 7, 2020, and at all times relevant and material herein, BDH, by and through its employees, agents, and/or servants, designed and manufactured components of the aforementioned deer stand climbing sticks, including but not limited to foot pegs that were to be welded or attached to the deer stand climbing sticks so that the user could place their feet onto the pegs, safely and properly climb up the deer stand climbing sticks and access the deer stand itself.

11.      On September 7, 2020, and at all times relevant and material herein, the Plaintiff, DANIEL L. BOYER, had gone to a farm in Fulton County, Illinois, and was applying 4-foot sections of the Defendants deer stand climbing sticks, one section at a time, so that he could then climb the tree by using the deer stand climbing sticks so that he could complete and access his deer stand for the upcoming deer hunting season.

12.      On September 7, 2020, and at all times relevant and material herein, the Plaintiff was wearing a safety belt, similar to a lineman's belt, and as he was in the process of attaching the fourth section of the deer stand climbing sticks and was approximately 15 to 20 feet in the air he went to step on one of the foot pegs that was improperly welded and attached to the 4-foot section of the deer stand climbing stick itself, and as he placed weight onto the foot peg, the foot peg snapped and broke off causing the Plaintiff to then fall off of the deer stand climbing stick

3

where he was then hanging from his harness and then eventually fell to the ground causing injury to his body.

## COUNT I –OUTDOOR PRODUCT INNOVATIONS, INC.; STRICT LIABILITY

NOW COMES the Plaintiff, DANIEL L. BOYER, by and through his attorneys, CROWLEY & PRILL, and in support of Count I against the Defendant, OUTDOOR PRODUCT INNOVATIONS, INC., hereby states as follows:

1-12.   Plaintiff hereby repeats and re-alleges paragraphs 1-12 of the General Allegations Common to All Counts as and for paragraphs 1-12 of Count I of this Complaint and incorporates the same herein as if set forth fully.

13.   That on or before September 7, 2020, and at all times relevant and material herein, the Defendant, OPI, by and through its employees, agents, and/or servants, had a duty to design, manufacture, market, distribute, warn and/or sell the aforementioned and subject deer stand climbing sticks and all component parts so that said product was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, marketed, distributed and/or sold.

14.   That on or before September 7, 2020, and at all times relevant and material herein, the Defendant, OPI, by and through its employees, agents, and/or servants,  had a duty to warn, design, and manufacture the aforementioned and subject deer stand climbing sticks and all component parts to ensure the deer stand climbing sticks and foot pegs were properly welded, secured and attached to the actual deer stand climbing sticks so that an individual using the climbing stick would be able to put normal weight on the peg without the peg breaking, collapsing and/or failing during normal use.

4

15.     That on or before September 7, 2020, and at all times relevant and material herein, the Defendant OPI, by and through its employees, agents, and/or servants, had a duty to warn, design, and manufacture the aforementioned deer stand climbing sticks and all component parts to provide reasonable protection to the user of the deer stand climbing sticks so that the deer stand climbing sticks and any component part of the climbing stick, would not fail, collapse or break, and allow the user of the deer stand climbing sticks to fall from a tree.

16.     At the time the Defendants deer stand climbing sticks left possession of the Defendant OPI by and through its employees, agents, and/or servants, and at the time the aforementioned deer stand climbing sticks and all component parts entered the stream of commerce and during the period of time the deer stand climbing sticks were in service, the deer stand climbing sticks were in an unreasonably dangerous and defective condition for normal use. These defects and dangers include but are not limited to the following:

    a.  The deer stand climbing sticks and component parts were improperly manufactured for purposes of its foreseeable and intended use;

    b.  The deer stand climbing sticks did not include sufficient and adequate instructions and warning;

    c.  The deer stand climbing sticks were not adequately designed for purposes of this foreseeable and intended use;

    d.  The deer stand climbing sticks did not contain adequate safe guards to protect the end user from harm;

    e.  The deer stand climbing sticks did not include any warning to consumers and/or users to the dangers or hazards inherent in the use of said deer stand climbing sticks;

    f.  The deer stand climbing sticks were not properly welded and the foot pegs were not properly welded, attached, or secured to the deer stand climbing sticks itself so as to     allow a user to put normal weight onto the foot peg to allow the user to climb the deer stand stick to gain access to the deer stand, which was the intended use of the stick themselves;

5

g. The deer stand climbing sticks were otherwise unreasonably dangerous and/or defective.

17.    That as a direct and proximate result of one or more of the aforementioned unreasonably dangerous and defective conditions of the aforementioned deer stand climbing stick and all component parts, the Plaintiff, DANIEL L. BOYER, then and there sustained severe and permanent injuries to his person, was and will in the future, forced to suffer great pain and anguish both in mind and body; was and will in the future, hindered and prevented him from attending to his usual duties and affairs of life; was and will in the future, forced to lose the value of that time as aforementioned and further forced to expend large sums of money for medical bills, for the care of said injuries.   The Plaintiff suffered past and future wages and loss of earning capacity as a result of his injuries.

WHEREFORE the Plaintiff, DANIEL L. BOYER, hereby prays for judgment in his favor and against the Defendant, OUTDOOR PRODUCT INNOVATIONS, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suite herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES**

**COUNT II –OUTDOOR PRODUCT INNOVATIONS, INC.; NEGLIGENCE**

NOW COMES the Plaintiff, DANIEL L. BOYER, by and through his attorneys, CROWLEY & PRILL, and in support of his Complaint against the Defendant, OUTDOOR PRODUCT INNOVATIONS, INC., hereby states as follows:

1-17.   Plaintiff hereby repeats and re-alleges paragraphs 1-17 of Count I in and for paragraphs 1-17 of Count II of this Complaint and incorporates the same herein as if set forth fully.

6

18.     That on or before September 7, 2020, and at all times relevant and material herein, the Defendant, OPI, by and through its employees, agents, and/or servants, had a duty to exercise reasonable and ordinary care in the design, testing, manufacturing, marketing, selling, distributing, warning of the aforementioned deer stand climbing sticks and all component parts so they would be reasonably safe for its intended use.

19.     That on or before September 7, 2020, and at all times relevant and material herein, the Defendant, OPI, by and through its employees, agents, and/or servants, knew or reasonably should have known that the aforementioned deer stand climbing sticks and the component parts were placed in the stream of commerce and would be likely used for this intended use by the Plaintiff and others.

20.     That on or before September 7, 2020, and at all times relevant and material herein, the Defendant, OPI, by and through its employees, agents, and/or servants, knew or reasonably should have known that the dangers associated with the manner of circumstances of the Plaintiffs foreseeable use of the aforementioned deer stand climbing sticks and component parts which would not be obvious to persons and circumstances similar to the Plaintiffs.

21.     That notwithstanding the foregoing duty, OPI, by and through its employees, agents, and/or servants, did then and there, commit and was then and there guilty of one or more of the following careless and/or negligent acts and/or omissions:

        a.  Insufficiently warned and instructed end users of the deer stand climbing sticks, including the Plaintiff of the nature and type of defects present in said sticks;

        b.  Unreasonably designed the deer stand climbing sticks and all component parts so that the user of the sticks would become injured through normal use;

7

c. Unreasonably manufactured the deer stand climbing stick and all component parts so that the user could be injured by normal use of the deer stand climbing sticks;

d. Failed to properly weld and/or connect or attach the foot pegs and any other component part to the deer stand climbing sticks so that a normal user could put full weight on the foot pegs and climb the sticks to gain access to a potential deer stand in a tree;

e. Distributed unsafe and dangerous deer stand climbing sticks when they knew or should have known that the stick was defective and/or dangerous; and

f. Was otherwise negligent and/or careless in the design, testing, manufacturing, marketing, selling, warning, and/or distributing of the aforementioned deer stand climbing sticks and all of its component parts.

22.    That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, OPI, by and through its employees, agents and/or servants the Plaintiff, DANIEL L. BOYER, did then and there sustain severe and permanent injuries to his person; was and will in the future forced to suffer great pain and anguish, both in mind and body; was and will in the future hindered and prevented from attending to his usual duties and affairs of life; was or will in the future forced to lose the value of that times as aforementioned; and further forced to expend large sums of money for medical bills for the care and treatment of his said injuries.  Also suffered past and future lost income and wages as a result of his injuries.

WHEREFORE, the Plaintiff, DANIEL L. BOYER, hereby prays for judgment in his favor and against the Defendant, OUTDOOR PRODUCT INNOVATIONS, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES**

8

## COUNT III – OUTDOOR PRODUCT INNOVATIONS, INC.: BREACH OF EXPRESS OR IMPLIED WARRANTY

NOW COMES the Plaintiff, DANIEL L. BOYER, by and through his attorneys, CROWLEY & PRILL, and in support of his Complaint against the Defendant, OUTDOOR PRODUCT INNOVATIONS, INC., hereby states as follows:

1-22.   Plaintiff hereby repeats and re-alleges paragraphs 1-22 of Count II as in for paragraphs 1-22 of Court III of this Complaint and incorporates the same herein as if set forth fully.

23.   The Defendant, OPI, by and through its employees, agents, and/or servants, both impliedly and expressly through their advertisements and other means that the aforementioned deer stand climbing stick was a merchantable quality, fit for the manner and purpose for which it was sold.

24.   The Plaintiff was a foreseeable user of the aforementioned deer stand climbing stick and was being used in a reasonably anticipated manner and purpose at the time of the incident.

25.   The Plaintiff relied on the Defendant, OPI, by and through its employees, agents, and/or servants, to provide a merchantable and suitable product fit for the purpose for which it was intended.

26.   Because of the defects and unreasonably dangerous design and/or manufacture of the aforementioned deer stand climbing stick, it could be involved in a foreseeable situation sequence and failure in that the foot pegs were not properly welded, secured, and/or attached to the stick itself causing a user to place normal weight onto the foot peg causing a collapse, failure or breakage of the foot peg, causing the user to then to fall off of the deer stand from great heights.

9

27.    As a direct, proximate foreseeable result of the defect of an unreasonably dangerous design and/or manufacture, the deer stand climbing stick failed to adequately hold the user and protect the Plaintiff from falling off the deer stand stick.

28.    The aforementioned deer stand climbing stick was neither of merchantable quality or reasonably fit to be used for the purpose for which it was intended including the foreseeable incident alleged herein and was unmerchantable.

29.    The defect and/or unreasonably dangerous conditions constitute a breach of the Defendant, OPI, by and through its employees, agents, and/or servants, expression of implied warranties.

30.    That as a direct and proximate result of the Defendants, OPI, by and through its employees, agents and/or servants, breach of the expression of implied warranty of the aforementioned deer stand climbing stick the Plaintiff did then and there sustain severe and permanent injuries to his person; was and will in the future forced to suffer great pain and anguish, both in mind and body; was and will in the future hindered and prevented from attending to his usual duties and affairs of life; was or will in the future forced TO lose the value of that time as aforementioned; and further forced to expend large sums of money for medical bills for the care and treatment of his said injuries.

31.    The Defendant, OPI, by and through its employees, agents, and/or servants, is liable for breaching the expression of implied warranties in the suing interest of the Plaintiff and the damages interest of the Plaintiff in an amount to be determined at trial.

WHEREFORE, the Plaintiff, DANIEL L. BOYER, hereby prays for judgment in his favor and against the Defendant, OUTDOOR PRODUCT INNOVATIONS, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

10

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES**

**COUNT IV –BDH, LLC d/b/a a/k/a BIG DOG HUNTING, LLC; STRICT LIABILITY**

NOW COMES the Plaintiff, DANIEL L. BOYER, by and through his attorneys, CROWLEY & PRILL, and in support of Count IV against the Defendant, BDH, LLC d/b/a a/k/a BIG DOG HUNTING, LLC, hereby states as follows:

1-12. Plaintiff hereby repeats and re-alleges paragraphs 1-12 of the General Allegations Common to All Counts as and for paragraphs 1-12 of Count IV of this Complaint and incorporates the same herein as if set forth fully.

13. That on and before September 7, 2020, and at all times relevant and material herein, the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, had a duty to design, manufacture, market, distribute, warn and/or sell the aforementioned and subject deer stand climbing sticks and all component parts so that said product was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, marketed, distributed and/or sold.

14. That on and before September 7, 2020, and at all times relevant and material herein, the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, had a duty to warn, design, and manufacture the aforementioned and subject deer stand climbing sticks and all component parts to ensure the deer stand climbing sticks and foot pegs were properly welded, secured and attached to the actual deer stand climbing sticks so that an individual using the stick would be able to put normal weight on the peg without the peg breaking, collapsing and/or failing during normal use.

15. That on or before September 7, 2020, and at all times relevant and material herein, the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, had a

11

duty to warn, design, and manufacture the aforementioned deer stand climbing sticks and all component parts to provide reasonable protection to the user of the deer stand climbing sticks so that the deer stand climbing sticks and any component part of the stick, would not fail, collapse or break, and allow the user of the deer stand climbing sticks to fall from a tree.

16.   That on or before September 7, 2020, and at all times relevant and material herein, at the time the Defendants deer stand climbing sticks left possession of the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, and at the time the aforementioned deer stand climbing sticks and all component parts entered the stream of commerce and during the period of time the deer stand climbing sticks were in service, the deer stand climbing sticks were in an unreasonably dangerous and defective condition for normal use. These defects and dangers include but not limited to the following:

  a.   The deer stand climbing sticks and component parts were improperly manufactured for purposes of its foreseeable and intended use;

  b.   The deer stand climbing sticks did not include sufficient and adequate instructions and warning;

  c.   The deer stand climbing sticks were not adequately designed for purposes of this foreseeable and intended use;

  d.   The deer stand climbing sticks did not contain adequate safe guards to protect the end user from harm;

  e.   The deer stand climbing sticks did not include any warning to consumers and/or users to the dangers or hazards inherent in the use of said deer stand climbing sticks;

  f.   The deer stand climbing sticks were not properly welded and the foot pegs were not properly welded, attached, or secured to the deer stand sticks itself so as to allow a user to put normal weight onto the foot peg to allow the user to climb the deer stand stick to gain access to the deer stand, which was the intended use of the stick themselves;

  g.   The deer stand climbing sticks were otherwise unreasonably dangerous and/or defective.

12

17.     That as a direct and proximate result of one or more of the aforementioned unreasonably dangerous and defective conditions of the aforementioned deer stand climbing stick and all component parts, the Plaintiff, DANIEL L. BOYER, then and there sustained severe and permanent injuries to his person, was and will in the future, forced to suffer great pain and anguish both in mind and body; was and will in the future, hindered and prevented him from attending to his usual duties and affairs of life; was and will in the future, forced to lose the value of that time as aforementioned and further forced to expend large sums of money for medical bills, for the care of said injuries.  The Plaintiff suffered past and future wages and loss of earning capacity as a result of his injuries.

WHEREFORE the Plaintiff, DANIEL L. BOYER, hereby prays for judgment in his favor and against the Defendant, BDH, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suite herein.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES

### COUNT V –BDH, LLC d/b/a a/k/a BIG DOG HUNTING, LLC; NEGLIGENCE

NOW COMES the Plaintiff, DANIEL L. BOYER, by and through his attorneys, CROWLEY & PRILL, and in support of his Complaint against the Defendant, BDH, LLC, d/b/a a/k/a BIG DOG HUNTING, LLC hereby states as follows:

1-17.  Plaintiff hereby repeats and re-alleges paragraphs 1-17 of Count IV as and for paragraphs 1-17 of Count V of this Complaint and incorporates the same herein as if set forth fully.

18.     That on or before September 7, 2020, and at all times relevant and material herein, the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, had a duty to exercise reasonable and ordinary care in the design, testing, manufacturing, marketing,

13

selling, distributing, warning of the aforementioned deer stand climbing sticks and all component parts so they would be reasonably safe for its intended use.

19.     That on or before September 7, 2020, and at all times relevant and material herein, the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, knew or reasonably should have known that the aforementioned deer stand climbing stick and the component parts were placed in the stream of commerce and would be likely used for this intended use by the Plaintiff and others.

20.     That on or before September 7, 2020, and at all times relevant and material herein, the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, knew or reasonably should have known that the dangers associated with the manner of circumstances of the Plaintiffs foreseeable use of the aforementioned deer stand climbing sticks and component parts which would not be obvious to persons and circumstances similar to the Plaintiffs.

21.     That notwithstanding the foregoing duty, the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, did then and there, commit and was then and there guilty of one or more of the following careless and/or negligent acts and/or omissions:

a. Insufficiently warned and instructed end users of the deer stand climbing sticks, including the Plaintiff of the nature and type of defects present in said sticks;

b. Unreasonably designed the deer stand climbing sticks and all component parts so that the user of the sticks would become injured through normal use;

c. Unreasonably manufactured the deer stand climbing stick and all component parts so that the user could be injured by normal use of the deer stand climbing sticks;

d. Failed to properly weld and/or connect or attach the foot pegs and any other component part to the deer stand climbing sticks so that a normal user could put full weight on the foot pegs and climb the sticks to gain access to a potential deer stand in a tree;

14

e. Distributed unsafe and dangerous deer stand climbing sticks when they knew or should have known that the stick was defective and/or dangerous; and

f. Was otherwise negligent and/or careless in the design, testing, manufacturing, marketing, selling, warning, and/or distributing of the aforementioned deer stand climbing sticks and all of its component parts.

22.    That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, BDH, LLC, the Plaintiff, DANIEL L. BOYER, did then and there sustain severe and permanent injuries to his person; was and will in the future forced to suffer great pain and anguish, both in mind and body; was and will in the future hindered and prevented from attending to his usual duties and affairs of life; was or will in the future forced to lose the value of that times as aforementioned; and further forced to expend large sums of money for medical bills for the care and treatment of his said injuries. Also suffered past and future lost income and wages as a result of his injuries.

WHEREFORE, the Plaintiff, DANIEL L. BOYER, hereby prays for judgment in his favor and against the Defendant, BDH, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES**

**COUNT VI - BDH, LLC d/b/a a/k/a BIG DOG HUNTING, LLC; BREACH OF EXPRESS OR IMPLIED WARRANTY**

NOW COMES the Plaintiff, DANIEL L. BOYER, by and through his attorneys, CROWLEY & PRILL, and in support of his Complaint against the Defendant, BDH, LLC, hereby states as follows:

1-22.  Plaintiff hereby repeats and re-alleges paragraphs 1-22 of Count V, as and for paragraphs 1-22 of Count VI of this Complaint and incorporates the same herein as if set forth fully.

23.   The Defendant, BDH, LLC, by and through its employees, agents, and/or servants, both impliedly and expressly through their advertisements and other means that the aforementioned deer stand stick was a merchantable quality, fit for the manner and purpose for which it was sold.

24.   The Plaintiff was a foreseeable user of the aforementioned deer stand climbing stick and was being used in a reasonably anticipated manner and purpose at the time of the incident.

25.   The Plaintiff relied on the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, to provide a merchantable and suitable product fit for the purpose for which it was intended.

26.   Because of the defects and unreasonably dangerous design and/or manufacture of the aforementioned deer stand climbing stick, it could be involved in a foreseeable situation sequence and failure in that the foot pegs were not properly welded, secured, and/or attached to the stick itself causing a user to place normal weight onto the foot peg causing a collapse, failure or breakage of the foot peg, causing the user to then fall off of the deer stand from great heights.

27.   As a direct, proximate foreseeable result of the defect of an unreasonably dangerous design and/or manufacture, the deer stand climbing stick failed to adequately hold the user and protect the Plaintiff from falling off the deer stand stick.

16

28.     The aforementioned deer stand climbing stick was neither of merchantable quality or reasonably fit to be used for the purpose for which it was intended including the foreseeable incident alleged herein and was unmerchantable.

29.     The defect and/or unreasonably dangerous conditions constitute a breach of the Defendant, BDH, LLC, by and through its employees, agents, and/or servants, expression of implied warranties.

30.     That as a direct and proximate result of the Defendants, BDH, LLC, by and through its employees, agents and/or servants, breach of the expression of implied warranty of the aforementioned deer stand climbing stick the Plaintiff did then and there sustain severe and permanent injuries to his person; was and will in the future forced to suffer great pain and anguish, both in mind and body; was and will in the future hindered and prevented from attending to his usual duties and affairs of life; was or will in the future forced to lose the value of that time as aforementioned; and further forced to expend large sums of money for medical bills for the care and treatment of his said injuries.

31.     The Defendant, BDH, LLC, by and through its employees, agents, and/or servants, is liable for breaching the expression of implied warranties in the suing interest of the Plaintiff and the damages interest of the Plaintiff in an amount to be determined at trial.

WHEREFORE, the Plaintiff, DANIEL L. BOYER, hereby prays for judgment in his favor and against the Defendant, BDH, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES**

17

Respectfully submitted,

Edward J. Prill        ARDC# 6271392
Andrew L. Mahoney   ARDC# 6334171
CROWLEY & PRILL
3012 Division Street
Burlington, Iowa 52601
Phone:      319.753.1330
Fax:        319.752.3934
Email:      eprill@cbp-lawyers.com
            amahoney&cbp-lawyers.com

**ATTORNEY FOR PLAINTIFF**

18

STATE OF WISCONSIN )
WAUKESHA COUNTY ) ss.

PROCESS # _68364_

CASE # _22-LA-4_

DO NOT WRITE IN THIS BOX

I hereby certify that on the _21_ day of _March_ , _2022_ at _115_ a.m./~~p.m.~~
at _1030 Riverknoll Cir_                                    In the
_City_                of _Oconomowoc_
WAUKESHA COUNTY, WISCONSIN,

FILED
Fulton Co. Circuit Court
9th Judicial Circuit
Date: 3/25/2022 11:45 AM
Charlene M. Markley
CC 2022-LA-00004

- ☐ ELECTRONIC FILING NOTICE
- ☒ SUMMONS AND COMPLAINT _____ ☐ AMENDED
- ☐ SUMMONS  ☐ PETITION _____ ☐ AMENDED
- ☐ CONFIDENTIAL PETITION ADDENDUM
- ☐ SMALL CLAIMS INFORMATION SHEET
- ☐ EXHIBITS: _____
- ☐ FINANCIAL DISCLOSURE STATEMENT
- ☐ IMPORTANT PAPERS/NOTICES/INVOICES
- ☐ HANDWRITTEN/TYPED LETTER DATED _____/_____ PAGE(S)
- ☐ STIPULATION AND ORDER TO CHANGE _____
- ☐ ORDER _____
- ☐ SUPPLEMENTAL INFORMATION SC-500
- ☐ COPIES OF TEXT MESSAGES/PHOTOS/RECEIPTS:
  _____/_____ PAGE(S)
- ☐ PLAINTIFF'S FIRST SET OF INTERROGATORIES
- ☐ NOTICE: ____ 5 DAY/ ____ 10 DAY/ ____ /14 DAY/ ____ 28 DAY
- ☐ MOTION AND NOTICE OF MOTION _____
- ☐ NOTICE OF HEARING _____
- ☐ NOTICE _____

- ☐ SUMMONS AND COMPLAINT OF EVICTION
- ☐ WRIT OF ASSISTANCE  ☐ WRIT OF RESTITUTION
- ☐ WRIT OF REPLEVIN  ☐ WRIT OF EXECUTION

- ☐ SUBPOENA (WAUKESHA COUNTY DISTRICT ATTORNEY)
- ☐ SUBPOENA (OTHER): _____
- ☒ AFFIDAVIT _____
- ☐ AFFIDAVIT AND ORDER TO SHOW CAUSE
- ☐ ADDITIONAL STATEMENT OF FACTS – DATED: _____
- ☒ OTHER: _Sheriff's Fee's, Jury Demand_

- ☐ NOTICE/ORDER INJUNCTION HEARING WHEN TRO IS NOT ISSUED
- ☐ TEMPORARY RESTRAINING ORDER, NOTICE OF HEARING
  PETITION FOR TEMPORARY ORDER AND/OR INJUNCTION,
  INFORMATION FOR RESPONDENTS REGARDING THE SURRENDER
  AND RETURN OF FIREARMS
  - ☐ HARASSMENT
  - ☐ DOMESTIC ABUSE
  - ☐ CHILD ABUSE
  - ☐ INDIVIDUAL AT RISK
    - ☐ WITH REMOVAL  ☐ WITHOUT REMOVAL

- ☐ INJUNCTION:
  - ☐ HARASSMENT
  - ☐ DOMESTIC ABUSE
  - ☐ CHILD ABUSE
  - ☐ INDIVIDUAL AT RISK

- ☐ INFORMATION FOR RESPONDENTS REGARDING THE SURRENDER
  AND RETURN OF FIREARMS
- ☐ PETITIONER'S AND/OR RESPONDENT'S FIREARMS STATEMENTS

- ☐ PROTECTIVE ORDER
- ☐ STATUS REPORT PURSUANT TO SERVICEMEMBERS CIVIL RELIEF
  ACT
- ☐ DECLARATION OF NONMILITARY SERVICE

ON THE WITHIN NAMED: _Big Dog Hunting_                 DATE OF BIRTH: _____ SEX: ____ RACE: ____
☒ Or by then and there delivering to and leaving with: _Patrick McIntyre_  Relationship: _____
☒ SERVED   ☐ POSTED/AFFIXED NOTICE   ☐ SEIZED   ☐ MADE DEMAND   ☐ REMOVED
☐ I WAS UNABLE TO LOCATE/SERVE AFTER A DILIGENT SEARCH AND INQUIRY   ☐ OUT OF STATE PAPERS
☐ COMMENTS: _____

☐ SERVICE DATES/TIMES: _____

SUBSCRIBED AND SWORN BEFORE ME:
THIS _21st_ DAY OF _March_ , 20_22_.
_Tammy L. Macareno_
NOTARY PUBLIC, WAUKESHA COUNTY, WISCONSIN
MY COMMISSION EXPIRES: _01-25-25_

SERVICE FEE:
$ _6100_

DATED: _3/21/22_
ERIC SEVERSON, SHERIFF
WAUKESHA COUNTY, WISCONSIN
_Adrian_
DEPUTY SIGNATURE
BADGE #: _8605_

TAMMY L. MACARENO
Notary Public
State of Wisconsin

Purchased from re:SearchIL

FILED
Fulton Co. Circuit Court
9th Judicial Circuit
Date: 4/26/2022 1:14 PM
Charlene M. Markley
CC 2022-LA-00004



## THE CUYAHOGA COUNTY SHERIFF'S DEPARTMENT

THE JUSTICE CENTER 1215 West 3rd Street, Cleveland, Ohio 44113

## RETURN OF SERVICE

Case #: **SH22033995**                    Service: **FOREIGN SUMMONS**
Service ID: **102125**

Originating Court's Case #: **2022-LA-4**   County / State: ILLINOIS

Plaintiff: DANIEL BOYER
           - VS -
Defendant: OUTDOOR PRODUCT INNOVATIONS INC:BDH, LLC DBA BIG, ET AL

Received: 03/16/2022

On _April 12, 2022_, I SERVED the within named:

**OUTDOOR PRODUCT INNOVATIONS,INC; BDH, LL** at

**1111 SUPERIOR AVE  EAST SUITE 2700**

**C/O MLCL STATUTORY AGENT**

**CLEVELAND, OH 44114**

by PERSONAL SERVICE a true and certified copy thereof with all the endorsements thereon.

Deputy, _____

**Service Results:**

  04/12/2022 08:50 - PERSONAL SERVICE  Deputy(s):DEAUNDRA
  BROWN

| | Sheriff Fees: |
|---|---|
| Service & Return: | $6.00 |
| Postage: | $0.55 |
| Copy: | $0.00 |
| Mileage: | $5.00 |
| Foreign Case: | $0.25 |
| **TOTAL:** | 11.80 |

PAID
$100.

Refund   $88.20

SCKL

SHFN209
Purchased from re:SearchIL

FILED
Fulton Co. Circuit Court
9th Judicial Circuit
Date: 5/10/2022 2:15 PM
Charlene M. Markley
CC 2022-LA-00004

101 900 801

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## FULTON COUNTY, ILLINOIS

DANIEL L. BOYER,                        )
                                        )
        Plaintiff,              )
                                        )
   vs.                              )        Case No.   22 LA 4
                                        )
OUTDOOR PRODUCT INNOVATIONS,            )
INC., BDH, LLC d/b/a BIG DOG            )
HUNTING, LLC,                           )
                                        )
        Defendants.             )

## ENTRY OF APPEARANCE

Now comes JO T. WETHERILL for the law firm of QUINN JOHNSTON, and hereby enters its appearance on behalf of the Defendant, BDH, LLC d/b/a BIG DOG HUNTING, LLC, in regard to the above-captioned cause.

DEFENDANT DEMANDS TRIAL BY JURY.

               BDH, LLC d/b/a BIG DOG HUNTING, LLC,
               Defendant

          By:   /s/ *Jo T. Wetherill*
                 Jo T. Wetherill
                 QUINN JOHNSTON

Purchased from re:SearchIL

<u>PROOF OF SERVICE</u>

The undersigned certifies that on May 10, 2022, all counsel of record were served with a copy of the foregoing document at their respective business addresses by the method indicated below:

[__]    Deposit in the U. S. Mail, postage prepaid, at Peoria, Illinois

[__]    Personal Delivery

[ x ]    Delivery by Email

[__]    Delivery by Overnight Carrier


                                        /s/ *Jo T. Wetherill*
                                        Jo T. Wetherill

Edward J. Prill
Andrew L. Mahoney
CROWLEY & PRILL
3012 Division Street
Burlington, IA  52601
319-753-1330
319-752-3934  FAX
eprill@cbp-lawyers.com
amahoney@cbp-lawyers.com



JO T. WETHERILL (ARDC #6244110)
Email:   jwetherill@quinnjohnston.com
QUINN JOHNSTON
227 NE Jefferson
Peoria, IL 61602
(309) 674-1133
(309) 674-6503 (fax)

4878-7790-8510, v. 2

2

Purchased from re:SearchIL

FILED
Fulton Co. Circuit Court
9th Judicial Circuit
Date: 5/10/2022 3:55 PM
Charlene M. Markley
CC 2022-LA-00004

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
FULTON COUNTY, ILLINOIS

DANIEL L. BOYER

                Plaintiff,

    vs.

OUTDOOR PRODUCT INNOVATIONS,
INC., BDH, LLC d/b/a BIG DOG HUNTING,
LLC,

             Defendants.

Case No. 22 LA 4

**<u>MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING</u>**

NOW COMES the Defendant, BDH, LLC d/b/a BIG DOG HUNTING, LLC, by its attorneys,
QUINN JOHNSTON, and for its Motion states:

1.  Defendant was served with a copy of Plaintiff's complaint on March 21, 2022.

2.  Defendant's responsive pleading was therefore due on April 20, 2022.

3.  Undersigned counsel for Defendant was recently retained to represent the Defendant in this
matter, and entered their appearance on May 10, 2022.

4.  Defendant is requesting an extension of time to provide a responsive pleading to Plaintiff's
complaint.

5.  Defendant is requesting until May 31, 2022 to file a responsive pleading to Plaintiff's
complaint.

6.  This request is not made for purposes of delay, and no party will be prejudiced by the
granting of this request.

WHEREFORE, the Defendant, BDH, LLC d/b/a BIG DOG HUNTING, LLC, respectfully
requests this Honorable Court enter an order granting them an extension to file a responsive

Purchased from re:SearchIL

pleading to Plaintiff's complaint until May 31, 2022, and granting any further relief which this

Court deems just and proper.

<div style="margin-left: 40%;">

BDH, LLC d/b/a BIG DOG HUNTING,
LLC, Defendant


By: ___*Matthew A. Warner*_____
    Matthew A. Warner
    QUINN JOHNSTON

</div>

Purchased from re:SearchIL

## **PROOF OF SERVICE**

The undersigned certifies that on May 10, 2022, all counsel of record were served with a copy of the foregoing document at their respective business addresses by the method indicated below:

[__]    Deposit in the U. S. Mail, postage prepaid, at Peoria, Illinois

[__]    Personal Delivery

[ x ]   Delivery by Email

[__]    Delivery by Overnight Carrier


　　　　　　　　　　　　　　　　　　　/s/ *Matthew A. Warner*
　　　　　　　　　　　　　　　　　　　Matthew A. Warner


Edward J. Prill
Andrew L. Mahoney
CROWLEY & PRILL
3012 Division Street
Burlington, IA  52601
319-753-1330
319-752-3934  FAX
eprill@cbp-lawyers.com
amahoney@cbp-lawyers.com


Jo T. Wetherill (ARDC #6244110)
Email:  jwetherill@quinnjohnston.com
Matthew Warner (ARDC #6321689)
Email:  mwarner@quinnjohnston.com
QUINN JOHNSTON
227 NE Jefferson
Peoria, IL 61602
(309) 674-1133
(309) 674-6503 (fax)

4895-2733-4175, v. 2

3

Purchased from re:SearchIL

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

FILED
Fulton Co. Circuit Court
9th Judicial Circuit
Date: 5/12/2022 12:34 PM
Charlene M. Markley
CC 2022-LA-00004

**STATE OF ILLINOIS, CIRCUIT COURT**
Fulton **COUNTY**

# ADDITIONAL PROOF OF DELIVERY

*For Court Use Only*

**Instructions ▾**

Directly above, enter the name of the county where the case was filed.

Enter the name of the person or company that filed this case as Plaintiff/Petitioner.

Enter the name of the Defendants/ Respondents.

Enter the Case Number given by the Circuit Clerk.

Daniel Boyer
**Plaintiff / Petitioner** *(First, middle, last name or Company)*

v.

Outdoor Product Innovations, Inc., et al.
**Defendants / Respondents** *(First, middle, last name, or business name)*

2022-LA-4
**Case Number**

In **1**, enter the name of each court document you are sending.

In **1a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

In **1b**, check the box to show how you are sending the document.
**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options.

In **c**, fill in the date and time that you are sending the document.

**1. I am sending the following court document:** Appearance

a. To:
Name: Rabeka (*First*) (*Middle*) Link (*Last*)
Address: 3012 Division St (*Street, Apt #*) Burlington (*City*) IA 52601 (*State ZIP*)
Email address: rlink@cbp-lawyers.com

b. By:
☑ An approved electronic filing service provider (EFSP)
☐ Email *(not through an EFSP)*
*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*
☐ Personal hand delivery to:
☐ The party
☐ The party's family member who is 13 or older, at the party's residence
☐ The party's lawyer
☐ The party's lawyer's office
☐ Mail or third-party carrier

c. On: 05/12/2022 (*Date*) at: 1:00 EDT (*Time*) ☐ a.m. ☑ p.m.



Purchased from re:SearchIL

Enter the Case Number given by the Circuit Clerk: 2022-LA-4

| | |
|---|---|
| In **2**, if you are sending the document to more than 1 party or lawyer, fill in **a**, **b**, and **c**. Otherwise leave **2** blank. | **2.** I am sending this document: |

**a.** To:

Name: _____

First                    Middle                    Last

Address: _____

Street, Apt #                City              State   ZIP

Email address: _____

<div style="border:1px solid">
In **2a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.
</div>

<div style="border:1px solid">
In **2b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the
</div>

**b.** By:

☐ An approved electronic filing service provider (EFSP)

☐ Email *(not through an EFSP)*

*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

☐ Personal hand delivery to:

　☐ The party

　☐ The party's family member who is 13 or older, at the party's residence

　☐ The party's lawyer

　☐ The party's lawyer's office

☐ Mail or third-party carrier

<div style="border:1px solid">
In **c**, fill in the date and time that you are sending the document.
</div>

**c.** On: _____ at: _____ ☐ a.m. ☐ p.m.

Date                          Time

<div style="border:1px solid">
Under the Code of Civil Procedure, <u>735 ILCS 5/1-109</u>, making a statement on this form that you know to be false is perjury, a Class 3 Felony.
</div>

**I certify that everything in the *Proof of Delivery* is true and correct. I understand that a false statement on this form is perjury and has penalties provided by law under <u>735 ILCS 5/1-109</u>.**

/s/ Claire Vujanovic _____     500 West Jefferson St., Suite 2400 _____

Your Signature                                              Street Address

<div style="border:1px solid">
If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.
</div>

Claire Vujanovic _____     Louisville, KY 40202 _____

Print Your Name                                          City, State, ZIP

<div style="border:1px solid">
Enter your complete address, telephone number, and email address, if you have one.
</div>

(502) 327-5400 _____     cvujanovic@mcbrayerfirm.com _____

Telephone                                                    Email

6271995 _____

Attorney # (if any)

<div style="border:1px solid">
**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.
</div>

Purchased from re:SearchIL

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
FULTON COUNTY, ILLINOIS**

| | | |
|---|---|---|
| **Daniel L. Boyer,** | ) | Case No. 2022-LA-4 |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Outdoor Product Innovations, Inc.;** | ) | |
| **BDH, LLC, d/b/a Big Dog Hunting, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ANSWER TO COMPLAINT</u>

Defendant Outdoor Product Innovations, Inc. ("OPI"), for its Answer to the Complaint of Plaintiff Daniel Boyer ("Boyer"), hereby states and alleges as follows:

1.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

2.      Defendant admits the allegations in Paragraph 2 of the Complaint.

3.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies the same.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      As to the allegations in Paragraph 5 of the Complaint, Defendant admits that it conducts business in Illinois and that its agent for service of process is CT Corporation System, but Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and, therefore, denies the same.

6.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies the same.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the same.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies the same.

11.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies the same.

12.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the same.

13.     The allegations in Paragraph 13 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it owed any duty to Plaintiff as it relates to the product identified in the Complaint.

14.     The allegations in Paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it owed any duty to Plaintiff as it relates to the product identified in the Complaint.

15.     The allegations in Paragraph 15 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it owed any duty to Plaintiff as it relates to the product identified in the Complaint.

2

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     The allegations in Paragraph 18 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it owed any duty to Plaintiff as it relates to the product identified in the Complaint.

19.     The allegations in Paragraph 19 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it owed any duty to Plaintiff as it relates to the product identified in the Complaint.

20.     The allegations in Paragraph 20 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it owed any duty to Plaintiff as it relates to the product identified in the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, denies the same.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 13 [sic] of the Complaint and, therefore, denies the same.

33.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 14 [sic] of the Complaint and, therefore, denies the same.

34.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 15 [sic] of the Complaint and, therefore, denies the same.

35.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 16 [sic] of the Complaint and, therefore, denies the same.

36.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 17 [sic] of the Complaint and, therefore, denies the same.

37.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 18 [sic] of the Complaint and, therefore, denies the same.

38.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 19 [sic] of the Complaint and, therefore, denies the same.

39.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 20 [sic] of the Complaint and, therefore, denies the same.

40.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 21 [sic] of the Complaint and, therefore, denies the same.

41.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 22 [sic] of the Complaint and, therefore, denies the same.

42.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 23 [sic] of the Complaint and, therefore, denies the same.

43.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 24 [sic] of the Complaint and, therefore, denies the same.

44.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 25 [sic] of the Complaint and, therefore, denies the same.

45.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 26 [sic] of the Complaint and, therefore, denies the same.

46.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 27 [sic] of the Complaint and, therefore, denies the same.

47.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 28 [sic] of the Complaint and, therefore, denies the same.

48.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 29 [sic] of the Complaint and, therefore, denies the same.

49.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 30 [sic] of the Complaint and, therefore, denies the same.

50.     Defendant is without information or knowledge sufficient to form a belief as to the truths of the allegations in the second Paragraph 31 [sic] of the Complaint and, therefore, denies the same.

## **AFFIRMATIVE DEFFENSES**

1.     The Complaint fails to state a claim upon which relief can be granted against Defendant.

6

2.     Defendant affirmatively denies that it is guilty of any act of negligence or any breach of any duty or standard of care owed to Plaintiff.

3.     Defendant did not design, manufacture, provide instructions or warnings for, provide any warranties related to, or label the product identified in the Complaint.

4.     Defendant qualifies as a seller exception under Illinois law.

5.     Defendant affirmatively states that it is not liable for Plaintiff's injuries or damages, if any there are, because of the comparative fault of Plaintiff and/or non-named third parties.

6.     Defendant affirmatively states that it is not liable for Plaintiff's injuries or damages, if any there are, because of the misuse by Plaintiff Daniel Boyer of Defendant's product.

7.     Defendant affirmatively states that any of Plaintiff's injuries or damages, if any, were the direct and proximate result of acts and/or events over which Defendant had no control or responsibility, or was the result of intervening, independent acts, causes, or superseding causes.

8.     Defendant affirmatively denies that any of Plaintiff's injuries or damages, if any, were not proximately caused by, and were not the proximate result of any care, or lack thereof, provided by Defendant.

9.     Plaintiff's claims are subject to their duty to mitigate any of their damages, and they have failed to mitigate their damages, if any there are, which are specifically denied herein. As such, Defendant is entitled to a setoff against any such damages in the amount which they could have been avoided but for such failed efforts.

10.    Plaintiff's claims are barred by Plaintiff Daniel Boyer's assumption of the risk.

7

11.     Defendant denies any liability, vicarious or otherwise, for the acts or omissions of any third parties or any of their agents, servants, or employees.

12.     Plaintiff's claims are barred by Plaintiff Daniel Boyer's modification of the Defendant's product.

13.     Plaintiff's claims are barred by the lack of privity of contract.

14.     Plaintiff's claims are barred by a failure of condition precedent.

15.     Plaintiff's claims are barred by the applicable statute of limitations.

16.     Defendant incorporates by reference herein all defenses available to it under Illinois law and rules of civil procedure that discovery may reveal to be appropriate.

17.     To the extent that punitive damages are or may be claimed against Defendant, Defendant invokes all requirements, procedures and protections, including bifurcated proceedings, and heightened standards of proof provided for under Illinois law.

18.     Plaintiff's claims may be barred, in whole or in part, by their own actions, inactions or omissions, by the doctrines of laches, fraud, waiver, setoff, estoppel, failure to name indispensable parties, release, abandonment, and/or justification.

19.     The allegations and claim made against Defendant by Plaintiff (which are specifically denied) are based upon and because of the active and primary actions and inactions of others.  Defendant is entitled to an apportionment instruction including one or more third parties including, but not limited to, any of Plaintiff Daniel Boyer's medical providers that performed care that enhanced Plaintiff's alleged injuries or damages, if any there are, and to an apportionment of all fault and liability for Plaintiff's alleged claim to one or more third parties including, but not

8

limited to, any of Plaintiff Daniel Boyer's medical providers that performed care that enhanced Plaintiff's alleged injuries or damages, if any there are.

20.     Any product at issue was designed, manufactured, and distributed in accordance with prevailing standards and customs of the state-of-the-art of the industry at that time.

21.     Defendant incorporates herein all affirmative defenses asserted by its co-defendant, BDH, LLC, that are applicable to Defendant.

22.     Defendant reserves the right to assert additional affirmative defenses as they become discovered.


WHEREFORE, Defendant, Outdoor Product Innovations, Inc., by counsel, respectfully requests the following:

(A)     An order dismissing all claims against Defendant;

(B)     In the event an order of dismissal is not entered, for judgment in its favor on all counts of the Complaint of Plaintiff Daniel Boyer;

(C)     For Defendant's costs expended herein, including reasonable attorney's fees;

(D)     For a trial by jury; and

(E)     For any and all other relief to which it may appear properly entitled.


Respectfully submitted,

*/s/ Claire Vujanovic*_____
Claire Vujanovic, IL Bar No. 6271995
**McBRAYER PLLC**

9

500 West Jefferson Street, Suite 2400
Louisville, Kentucky 40202
Phone: (502) 327-5400
Facsimile: (502) 327-5444
cvujanovic@mcbrayerfirm.com
*Counsel for Defendant Outdoor Product*
*Innovations, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Answer was filed through the Court's Electronic Filing Service Provider (EFSP). Service will be made by operation of that system upon counsel for Plaintiff identified below. Additionally, a copy of the foregoing was served upon Plaintiff's counsel via email at the addresses listed below.

Edward J. Prill
Andrew L. Mahoney
CROWLEY & PRILL
3012 Division St.
Burlington, IA 52601
PH: (319) 753-1330
eprill@cbp-lawyers.com
amahoney@cbp-lawyers.com

and

Rabeka Link
rlink@cbp-lawyers.com


Jo T. Wetherill
Matthew Warner
QUINN JOHNSTON HENDERSON PRETORIUS CERULO
227 N.E. Jefferson Avenue
Peoria, IL 61602
PH: (309) 674-1133
jwetherill@quinnjohnston.com
mwarner@quinnjohnston.com


Dated: June 2, 2022                    /s/ Claire Vujanovic
                                       Claire Vujanovic

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
FULTON COUNTY, ILLINOIS

DANIEL L. BOYER

           Plaintiff,

    vs.                           Case No. 22 LA 4

OUTDOOR PRODUCT INNOVATIONS,
INC., BDH, LLC d/b/a BIG DOG HUNTING,
LLC,

           Defendants.

## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, BDH, LLC d/b/a BIG DOG HUNTING, LLC, by its

attorneys, QUINN JOHNSTON, and for its Answer to Plaintiff's Complaint states:

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1.  Defendant lacks sufficient knowledge to either admit or deny Paragraph 1, and therefore

denies same.

2.  Defendant lacks sufficient knowledge to either admit or deny Paragraph 2, and therefore

denies same.

3.  Defendant admits the allegations contained in Paragraph 3.

4.  Defendant lacks sufficient knowledge to either admit or deny Paragraph 4, and therefore

denies same.

5.  Defendant lacks sufficient knowledge to either admit or deny Paragraph 5, and therefore

denies same.

6.  Defendant lacks sufficient knowledge to either admit or deny Paragraph 6, and therefore

denies same.

7.  Defendant denies paragraph 7.

8.  Defendant lacks sufficient knowledge to either admit or deny Paragraph 8, and therefore denies same.

9.  Defendant lacks sufficient knowledge to either admit or deny Paragraph 9, and therefore denies same.

10. Defendant denies Paragraph 10.

11. Defendant lacks sufficient knowledge to either admit or deny Paragraph 11, and therefore denies same.

12. Defendant lacks sufficient knowledge to either admit or deny Paragraph 12, and therefore denies same.

### COUNT I -OUTDOOR PRODUCT INNOVATIONS, INC.; STRICT LIABILITY

This Count contains no allegations against this defendant, and therefore, no answer is provided thereto.   To the extent facts are alleged against BDH, LLC d/b/a BIG DOG HUNTING, LLC, they are denied.

### COUNT II -OUTDOOR PRODUCT INNOVATIONS, INC.; NEGLIGENCE

This Count contains no allegations against this defendant, and therefore, no answer is provided thereto.   To the extent facts are alleged against BDH, LLC d/b/a BIG DOG HUNTING, LLC, they are denied.

### COUNT III-OUTDOOR PRODUCT INNOVATIONS, INC.; BREACH OF EXPRESS OR IMPLIED WARRANTY

This Count contains no allegations against this defendant, and therefore, no answer is provided thereto.   To the extent facts are alleged against BDH, LLC d/b/a BIG DOG HUNTING, LLC, they are denied.

## COUNT IV -BDH, LLC d/b/a a/k/a BIG DOG HUNTING, LLC; STRICT LIABILITY

1-12. Defendant hereby repeats and re-alleges its answers to paragraphs 1-12 of the General Allegations Common to All Counts as and for its answers to paragraphs 1-12 of Count IV of this Complaint and incorporates the same herein as if set forth fully.

13. Paragraph 13 states a legal conclusion, to which no answer is required. To the extent that facts are alleged, those facts are denied.

14. Paragraph 14 states a legal conclusion, to which no answer is required. To the extent that facts are alleged, those facts are denied.

15. Paragraph 15 states a legal conclusion, to which no answer is required. To the extent that facts are alleged, those facts are denied.

16. Defendant denies Paragraph 16, and specifically denies subparagraphs a, b, c, d, e, f, and g.

17. Defendant denies Paragraph 17.

WHEREFORE, Defendant, BDH, LLC d/b/a BIG DOG HUNTING, LLC, prays for an Order of this Court dismissing Count IV of Plaintiff's Complaint with prejudice, for costs incurred herein, and for any other further relief this Court deems just and proper.

## COUNT V -BDH, LLC d/b/a a/k/a BIG DOG HUNTING, LLC; NEGLIGENCE

1-17. Defendant hereby repeats and re-alleges its answers to paragraphs 1-17 of Count IV as and for its answers to paragraphs 1-17 of Count V of this Complaint and incorporates the same herein as if set  forth fully.

18. Paragraph 18 states a legal conclusion, to which no answer is required. To the extent that facts are alleged, those facts are denied.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21, and specifically denies subparagraphs a, b, c, d, e, and f.

22. Defendant denies the allegations contained in Paragraph 22.

WHEREFORE, Defendant, BDH, LLC d/b/a BIG DOG HUNTING, LLC, prays for an Order of this Court dismissing Count V of Plaintiff's Complaint with prejudice, for costs incurred herein, and for any other further relief this Court deems just and proper.

## COUNT VI - BDH, LLC d/b/a a/k/a BIG DOG HUNTING, LLC; BREACH OF EXPRESS OR IMPLIED WARRANTY

1-22. Defendant hereby repeats and re-alleges its answers to paragraphs 1-22 of Count V, as and for its answers to paragraphs 1-22 of Count VI of this Complaint and incorporates the same herein as if set forth fully.

23. Paragraph 23 states a legal conclusion, to which no answer is required. To the extent that facts are alleged, those facts are denied.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant lacks sufficient knowledge to either admit or deny Paragraph 25, and therefore denies same.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30.  Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

WHEREFORE, Defendant, BDH, LLC d/b/a BIG DOG HUNTING, LLC, prays for an Order of this Court dismissing Count VI of Plaintiff's Complaint with prejudice, for costs incurred herein, and for any other further relief this Court deems just and proper.

DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS.

> BDH, LLC d/b/a BIG DOG HUNTING, LLC, Defendant
>
> By: _Matthew A. Warner_
> Matthew A. Warner
> QUINN JOHNSTON

5

## **PROOF OF SERVICE**

The undersigned certifies that on June 7, 2022, all counsel of record were served with a copy of the foregoing document at their respective business addresses by the method indicated below:

[__]   Deposit in the U. S. Mail, postage prepaid, at Peoria, Illinois

[__]   Personal Delivery

[ x ]   Delivery by Email

[__]   Delivery by Overnight Carrier

Edward J. Prill                                         Claire Vujanovic
Andrew L. Mahoney                                 McBrayer PLLC
CROWLEY & PRILL                               500 West Jefferson St., Suite 2400
3012 Division Street                                 Louisville, KY 40202
Burlington, IA  52601                               502-327-5400
319-753-1330                                           cvujanovic@mcbrayerfirm.com
319-752-3934  FAX
eprill@cbp-lawyers.com
amahoney@cbp-lawyers.com


_____/s/ *Matthew A. Warner*_____
           Matthew A. Warner



Jo T. Wetherill (ARDC #6244110)
Email:   jwetherill@quinnjohnston.com
Matt Warner (ARDC #6321689)
Email:  mwarner@quinnjohnston.com
QUINN JOHNSTON
227 NE Jefferson
Peoria, IL 61602
(309) 674-1133
(309) 674-6503 (fax)

4886-8263-0175, v. 2